COURTESY COPY

1   Ronald J. Epman, Esq. (SBN 53486)
    [ronepman@sbcglobal.net]
2   LAW OFFICES OF RONALD J. EPMAN
3   200 Corporate Pointe, Suite 495
    Culver City, California 90230-8704
4   Telephone: (310) 216-1300
    Facsimile: (310) 216-0701
5
6   Tedd S. Levine, Esq. (*to be admitted pro hac vice*)
    [lawofficesofteddslevine@gmail.com]
7   THE LAW FIRM OF TEDD S. LEVINE, LLC
    1010 Franklin Avenue, 2nd Floor
8   Garden City, New York 11530
    Telephone: (516) 294-6852
9   Facsimile:  (516) 294-4860
10
    Attorneys for Plaintiff
11  Tri-Coastal Design Group, Inc.

12  Thomas I. Rozsa (SBN 80615)
    [tom@rozsalaw.com]
13  ROZSA LAW GROUP LC
14  18757 Burbank Boulevard, Suite 220
    Tarzana, California 91356
15  Telephone: 818-783-0990
    Facsimile: 818-783-0992
16
17  Attorney for Defendants
    Spa de Soleil Manufacturing, Inc.,
18  Homespa Collection and Overstock.com, Inc.

*NOTE CHANGES MADE BY THE COURT.*

19              UNITED STATES DISTRICT COURT

20      CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

21  TRI-COASTAL DESIGN GROUP, INC.,        Case No.  CV11-6447-JFW (AGRx)

22                  Plaintiff,             **STIPULATED PROTECTIVE ORDER**

23
24          vs.                            **Hon. John F. Walter**

25  SPA de SOLEIL MANUFACURING, INC.,
    a California Corporation; HOME SPA
26  COLLECTION, a California corporation;
    OVERSTOCK.COM, INC., a UTAH
27  Corporation, DOLLARDAYS
    INTERNATIONAL, LLC, an Arizona
28

                                1

1    Corporation; HIOLO, a New York
Corporation; and DOES 1-10,

2

3             Defendants.

4    SPA de SOLEIL MANUFACTURING, INC.
a California Corporation,

5

6             Counterclaimant,

7

8                v.

9

10    TRI-COASTAL DESIGN GROUP, INC. a
New Jersey Corporation; and DOES 1-10,

11

12             Counterclaim-Defendants.

13

14                  **STIPULATED PROTECTIVE ORDER**

15        The Court, having been advised that the Plaintiff Tri-Coastal Design Group, Inc. and

16 Defendants Spa de Soleil Manufacturing, Inc., Home Spa Collection and Overstock.com, Inc.

17 (hereafter jointly the "Parties") agree that the discovery and pretrial phase of this action may

18 involve disclosure of trade secrets and other confidential and proprietary technical, marketing,

19 business and corporate information that the Parties may wish to designate as

20 "CONFIDENTIAL" or "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" for the

21 purpose of this action, hereby enters the following:

22

23                           **ORDER**

24   1.     **Proceedings and Information Governed**

25        This Order and any amendments or modifications to it (hereafter the "PROTECTIVE

26 ORDER") shall govern any document, information or other thing furnished by any party,

27             (upon their request)

28 including third parties, to any other party to this lawsuit in connection with the discovery and

pretrial phase of this action. The information protected includes, but is not limited to, documents produced in this action, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and all copies, extracts, summaries, compilations, designations and portions thereof. This PROTECTIVE ORDER for the production and exchange of confidential information shall govern documents, information and any other discovery, ~~hearing or trial~~ materials which any party to the present Litigation produces or provides pursuant to a discovery request, subpoena or otherwise and designates as "CONFIDENTIAL" OR "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY". All documents produced and all information obtained through discovery, ~~subpoena, or otherwise~~ in the Litigation designated as "CONFIDENTIAL" OR "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" shall be used by the RECEIVING PARTY (as defined below) only for the purposes of preparing for and conducting this present Litigation and for no other purpose.

2.   **Definitions**

(a)   "CONFIDENTIAL" shall mean any information produced in this action that the PRODUCING PARTY reasonably believes to be, reflect, or reveal a trade secret or other confidential research, development, or commercial information that is not publicly available or known, including, financial information, appropriate diagnostic, technical and maintenance materials.

(b)   "CONFIDENTIAL OUTSIDE COUNSEL ONLY" shall mean CONFIDENTIAL information that the PRODUCING PARTY deems especially sensitive. The designation "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" may be used only for highly confidential and extremely sensitive marketing or business information such as names of customers not otherwise publicly available, names of suppliers, customer

3

development information, contacts between a party and that party's customers, business leads, costs of goods purchased, sales prices for goods sold, and profits generated from sales of goods.

(c)     "OUTSIDE COUNSEL" shall include the clerical and paralegal support personnel who are employed by the OUTSIDE COUNSEL.  Inside legal counsel of the parties shall <u>not</u> be permitted to see information designated for "OUTSIDE COUNSEL".

(d)     "OUTSIDE EXPERT" shall mean any person not otherwise employed or retained by the RECEIVING PARTY, either as an employee or consultant, who is not employed in a business that competes with any party to this action, and who has been APPROVED to receive the PRODUCING PARTY'S CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information.  OUTSIDE EXPERTS shall be limited to such persons as, in the judgment of the retaining party's OUTSIDE COUNSEL, are reasonably necessary for the development and presentation of that party's case.

(e)     "APPROVED" shall mean that the procedure described in Section 3 below has been complied with.

(f)     "RECEIVING PARTY" shall mean the party (including its employees and agents) who is or will be receiving documents or information from another party.

(g)     "PRODUCING PARTY" shall mean the party (including its employees and agents) who is or will be producing documents or information to another party.

3.     <u>**Procedure for Approvals**</u>

(a)     All notices and information required by this paragraph shall be served on counsel of record for the other parties by electronic mail, facsimile, mail or hand delivery.

(b)     No Party shall be required to disclose expert witnesses to the other Party prior

4

to the time for disclosure under the Federal Rules of Civil Procedure or scheduling order.

(c)     Prior to disclosing any CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information produced by an adverse party to a party's proposed OUTSIDE EXPERT, the RECEIVING PARTY shall require the expert to sign a Confidentiality Agreement in the form attached as **Exhibit "A"** and shall provide to the PRODUCING PARTY a signed Confidentiality Agreement, the resume or curriculum vitae of the proposed OUTSIDE EXPERT, the OUTSIDE EXPERT'S business affiliation, and any current and past consulting relationships in the industry. The PRODUCING PARTY shall thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed OUTSIDE EXPERT. Such objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days shall constitute approval. If the parties are unable to resolve any objection, the RECEIVING PARTY may apply to the Court to resolve the matter. There shall be no disclosure to any proposed OUTSIDE EXPERT during the ten (10) business day objection period, unless that period is waived by the PRODUCING PARTY, or if any objection is made, until the parties have resolved the objection, or the Court has ruled upon any resultant motion;

4.    **Designation of Information**

(a)     Documents and things produced by a party during the course of this litigation, or responses to written discovery requests, shall be designated by the PRODUCING PARTY as containing CONFIDENTIAL information by placing on the first page and on each thing containing such information a legend substantially as follows:

**"CONFIDENTIAL"**

(b)     Documents and things produced by a party during the course of this litigation,

or responses to written discovery requests, shall be designated by the PRODUCING PARTY as containing CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information by placing on the first page or thing containing such information a legend substantially as follows:

**"CONFIDENTIAL OUTSIDE COUNSEL ONLY"**

(c)     During discovery, a PRODUCING PARTY shall have the option to require that all or certain batches of documents and things be treated as containing CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information during inspections and to make its designations by marking the particular documents and things with the appropriate legend at the time copies of documents and things are produced.

(d)     A party may designate information disclosed at a deposition as CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY by requesting the reporter to so designate the transcript, or the appropriate portions thereof, at the time of the deposition.

(e)     Any party invoking CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY protection during a deposition may exclude from the room any person who is not entitled to receive information designated CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY.

(f)     A PRODUCING PARTY shall designate its discovery responses, responses to requests for admissions, briefs, memoranda, and all other papers filed or lodged with the Court and/or served on opposing counsel, as containing CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information when such papers are filed, lodged, and/or served. Any document containing CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information that is filed or lodged

6

1    with the Court shall conform with Section 6.

2          (g)    A party ~~shall~~ *may* designate information disclosed at a hearing as CONFIDENTIAL

3    or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY ~~by requesting the Court, at the~~ *That party may file a*

4    *Notice of Intent to Redact and Request to Redact pursuant to court procedures*
     ~~time the information is proffered or adduced, to designate the transcript appropriately and to~~

AGR 5  *available on the court's website.*
     ~~clear the courtroom of any person not authorized to view or hear the information, or, in the~~

6    ~~alternative, to receive the information in camera.~~ At least 10 days before any such hearing,

7

8    the parties will confer regarding any alternative or additional procedures that would allow for

9    an efficient presentation of evidence without compromising any CONFIDENTIAL

10   information.

11         (h)    The parties shall use reasonable care to avoid designating as CONFIDENTIAL

12   or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY any information which is not

13
     entitled to such designation or which is generally available to the public.
14

15   **5.    Disclosure, Use and Handling of Confidential Information**

16         (a)    Information disclosed by a PRODUCING PARTY to a RECEIVING PARTY,

17   including CONFIDENTIAL and CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY

18   information, may be used only for the purposes of this lawsuit and for no other purpose.

19
           (b)    CONFIDENTIAL information, including documents or material, portions of
20

21   deposition transcripts and interrogatory responses designated as CONFIDENTIAL or

22   information derived therefrom may be disclosed by the RECEIVING PARTY only to

23   qualified persons who consist exclusively of: (1) The Court (subject to the provisions of

24   Section 6 below); (2) OUTSIDE COUNSEL of the parties; (3) Court reporters employed in

25   connection with the present Litigation; (4) Inside counsel attorney employees of the

26   RECEIVING PARTY and their clerical, paralegal and secretarial staff; and (5) designated

27   employee representatives of the RECEIVING PARTY.

28

(c)     Unless otherwise ordered by the Court, CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information may be disclosed by the RECEIVING PARTY only to: (1) the parties' OUTSIDE COUNSEL; (2) OUTSIDE EXPERTS, subject to the provisions of Section 3(c) above; (3) any person a document identifies as an author or recipient of the document; (4) court reporters employed in connection with the present litigation; and the Court, in accordance with the provisions of Section 6 below.

(d)     CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information shall be used by persons to whom it is disclosed only for purposes of the present litigation, preparation for trial, trial of this action, or any appellate proceedings in this action, and for no other purpose, unless authorized by an order of the Court. No person who receives information protected by this PROTECTIVE ORDER shall disclose it to any person not entitled under this PROTECTIVE ORDER to receive it.

(e)     The restriction on the use of information protected by this PROTECTIVE ORDER is applicable only to the use by a party of information received from an adverse party or a third party. A party is free to exercise its full rights with respect to documents, information and other things it produces.

(f)     In the event that a RECEIVING PARTY's briefs, memoranda, discovery requests, requests for admissions or other papers of any kind which are served and/or filed include another party's CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information, the papers shall be appropriately designated pursuant to section 4 and shall be treated accordingly.

(f)     The restrictions on the disclosure, use or handling of information contained in this PROTECTIVE ORDER shall not apply, and requests to change confidentiality designations shall be granted, if the information meets any one or more of the following

criteria:

       (1)    the information in question is generally and readily accessible to the public through means that are not a violation of this PROTECTIVE ORDER; or

       (2)    the information was lawfully in the possession of the RECEIVING PARTY prior to its receipt from the PRODUCING PARTY and/or is subject to a specific license or other specific agreement permitting disclosure; or

       (3)    if the PRODUCING PARTY stipulates that the information may be disclosed to a third party without any obligation of confidentiality pursuant to the terms of this PROTECTIVE ORDER.

**6.    Filing or Lodging Documents With the Court**

Any documents or information designated CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY sought to be filed under seal shall be filed in accordance with Local Rule 79-5.1 and in accordance with Paragraph 9 of the Standing Order for cases assigned to Judge John F. Walter.

**7.    Inadvertent Failure to Designate**

    (a)    In the event that a PRODUCING PARTY inadvertently fails to designate its information, including testimony at a deposition,  pursuant to Section 4, it may later designate by notifying the RECEIVING PARTY in writing and sending a copy of the documents, information, or things with the appropriate legend.  The RECEIVING PARTY shall take reasonable steps to see that the information is thereafter treated in accordance with the designation.

    (b)    No person or party shall be responsible for or incur any liability hereunder with

STIPULATED PROTECTIVE ORDER

1   respect to any disclosure that occurred prior to receipt of written notice of a belated

2   designation. Section 8 of this PROTECTIVE ORDER shall have no application with respect

3   to disclosures that occurred prior to receipt of written notice of a belated designation.

4   **8.    Challenge to Designations**

5
    (a)    A RECEIVING PARTY may challenge a PRODUCING PARTY's
6
7   designation. Failure of either party to expressly challenge a designation shall not constitute a

8   waiver of the right to assert at a subsequent time that the designated information or material is

9   not in fact confidential or that the designation is not appropriate for any reason.

10          (b)    Any RECEIVING PARTY disagreeing with the designation of any

11  information received from the PRODUCING PARTY as CONFIDENTIAL or

12  CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY, and desiring disclosure or partial
13
    disclosure of that material other than is permitted in this PROTECTIVE ORDER, may object
14
15  to the designation in writing and request that the PRODUCING PARTY change the

16  designation.  The PRODUCING PARTY shall then have five (5) court days from the date of

17  receipt of the notification to:

18          (1)    advise the RECEIVING PARTY whether or not it will change the
19
                   designation; and
20
21          (2)    advise the RECEIVING PARTY, if it will not change the designation,

22                 of the reasons supporting its refusal

23  If the PRODUCING PARTY does not change the designation within (5) court days after

24  receipt of the RECEIVING PARTY'S objections and request, the RECEIVING PARTY may

25  seek a hearing *pursuant to Local Rule 37* with respect to the suitability of the designation and the PRODUCING PARTY

26  will cooperate in obtaining a prompt hearing with respect thereto. Until the Court rules on the

27  RECEIVING PARTY'S application, the documents and information in question shall not be
28

disclosed by the RECEIVING PARTY except as expressly permitted in this PROTECTIVE ORDER based on the existing designation.

**9.     Inadvertent Disclosure**

(a)     In the event of an inadvertent disclosure of another party's CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information, the party making the inadvertent disclosure shall, upon learning of the disclosure:

(1)     promptly notify the person to whom the disclosure was made that it contains CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information subject to this PROTECTIVE ORDER;

(2)     promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information by the person to whom disclosure was inadvertently made, including, but not limited to, destroying any copies, notes or summaries referring or relating to any such inadvertently or mistakenly produced information subject to a claim of immunity or privilege; and

(3)     within two (2) court days, notify the PRODUCING PARTY of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against dissemination or use of the information by the person to whom the disclosure was inadvertently made.

**10.    Non-Party Information**

Discovery in this proceeding of a non-party may involve disclosure of its

CONFIDENTIAL or CONFIDENTIAL ATTORNEYS EYES' ONLY information, which, if designated pursuant to section 4, shall be subject to the provisions of this PROTECTIVE ORDER and provide the non-party with all of the rights and obligations of a party to this PROTECTIVE ORDER if such non-party so agrees in writing.

**11.   Subpoenas**

(a)      In the event any person or party having possession, custody or control of any information covered by this PROTECTIVE ORDER who is bound by this PROTECTIVE ORDER receives a subpoena or other process or order to produce such information, that person or party shall promptly:

(1)      notify in writing the attorneys of record of the party claiming confidential treatment of the item, document or information sought by such subpoena or other process or order;

(2)      furnish those attorneys of record with a copy of said subpoena or other process or order; and

(3)      provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought by the party whose interests may be affected.

(b)      If a party seeking protection of subpoenaed information makes a motion to quash or modify the subpoena, process or order, within ten (10) days of receipt of notice pursuant to subparagraph 11(a)(1), there shall be no disclosure pursuant to the subpoena, process or order until the Court has ruled upon the motion, and then only in accordance with the ruling so made unless the law or court order otherwise requires. Nothing in this PROTECTIVE ORDER should be construed to require or to permit a party to refrain from complying with its legal obligations or court orders relative to subpoenas.

12. **Modification**

(a)     Nothing herein shall restrict the power of the Court to modify this PROTECTIVE ORDER or any term hereof for good cause shown, including modification to afford greater or lesser restrictions on disclosure for particular information, if circumstances indicate that greater or lesser restrictions on disclosure are appropriate.

(b)     Nothing herein shall preclude any party from moving the Court to modify the designation of any particular information, document or thing.

13. **No Waiver**

Neither the taking of, nor the failure to take, any action to enforce the provisions of this PROTECTIVE ORDER, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief other than as specified herein of any claim or defense in this action or any other action. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information, nor shall it relieve a party of the necessity of proper response to discovery devices.

14. **No Probative Value**

(a)     This PROTECTIVE ORDER shall not abrogate, diminish, or enhance any contractual, statutory or other legal obligation or right of any party or person with respect to any information protected by this PROTECTIVE ORDER except as specifically provided herein.

(b)     The parties agree not to argue that the fact that information is designated CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY under this PROTECTIVE ORDER has no probative value if or when a trier of fact is required to determine whether certain information is confidential or proprietary.

(c)     This PROTECTIVE ORDER shall be without prejudice to the right of any party to bring before the Court the question of:

      (1)     whether any particular information or material is or is not confidential;

      (2)     whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

      (3)     whether any particular information is or is not relevant to any issue of this case.

(d)     The fact that any information is disclosed, used or produced in discovery ~~or~~ ~~trial~~ herein shall not be construed as consent to its admissibility in this litigation, or to its use, in any action or proceeding before any court, agency or tribunal, and the parties agree not to argue that such disclosure, use or production is relevant to the question of whether such information is confidential or proprietary.

**15.**   **Conclusion of Litigation**

(a)     Except as provided herein, if requested by the PRODUCING PARTY, within thirty (30) days of the conclusion of this action each party or other person subject to the terms hereof shall be under an obligation to return to the PRODUCING PARTY all materials and documents containing CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information or alternatively, after consultation with and approval by opposing counsel, destroy those documents and provide evidence of their destruction to the PRODUCING PARTY, and retaining no copies, and to confirm such in writing to the PRODUCING PARTY. Such actions shall not relieve said parties or persons from any of the continuing obligations imposed upon them by this PROTECTIVE ORDER. The Court and its personnel are not persons subject to the terms of this PROTECTIVE ORDER.

(b)     After this action concludes, ATTORNEYS for each party may retain a record

1  including the following, irrespective of whether or not a party's CONFIDENTIAL or

2  CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY information is included: its

3  correspondence files for this case, its pleadings files (including all briefs, memoranda,

4  affidavits, exhibits and all papers served by one party on another), and any briefs and

5  appendix on appeal, all trial transcripts and exhibits, all deposition transcripts, all hearing

6  transcripts, all legal memoranda, and all attorneys' notes.

7

8       (c)    The Court retains jurisdiction to make such amendments, modifications,

9  deletions and additions to this PROTECTIVE ORDER as the Court may from time to time

10 deem appropriate. The provisions of this PROTECTIVE ORDER regarding the use and/or

11 disclosure of CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY

12 information shall survive the termination of this action, ~~and the Court shall retain jurisdiction~~

13 ~~with respect to this PROTECTIVE ORDER.~~

_AGR_

14

15

16                                 Respectfully submitted,

17  Dated: 1/6/12

18                                 Tedd S. Levine, Esq. (admitted pro hac vice)
                                   THE LAW FIRM OF TEDD S. LEVINE, LLC
19                                 1010 Franklin Avenue, 2ⁿᵈ Floor
                                   Garden City, New York 11530
20                                 Telephone (516) 294-6852
                                   Facsimile (516) 294-4860
21

22                                 Ronald J. Epman, Esq. (SBN 53486)
                                   LAW OFFICES OR RONALD J. EPMAN
23                                 200 Corporate Pointe, Suite 495
                                   Culver City, California 90230-8704
24                                 Telephone (310) 216-1300
                                   Facsimile (310) 216-0701
25

26                                 Attorneys for Plaintiff/Counterclaim Defendant
                                   Tri-Coastal Design Group, Inc.
27

IT IS SO ORDERED.

DATED: 1/19/2012

_Alicia G. Rosenberg_

UNITED STATES MAGISTRATE JUDGE

15
STIPULATED PROTECTIVE ORDER

1  Dated: January 6, 2012          Thomas I. Rozsa

2                                  Thomas I. Rozsa

3                                  ROZSA LAW GROUP LC
                                   18757 Burbank Boulevard, Suite 220
3                                  Tarzana, California 91356-3346
                                   Telephone (818) 783-0990
4                                  Facsimile (818) 783-0992

5

6                                  Attorney for Defendants, Spa de Soleil, Inc.
                                   (Mistakenly sued as Spa de Soleil
7                                  Manufacturing, Inc.), Home Spa Collection and
                                   Overstock.com, Inc. And Counterclaimant Spa de Soleil,
8                                  Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

EXHIBIT "A"

AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION

1.  I, _____, have been retained as an outside expert to assist legal counsel with certain material which I have been informed is highly confidential subject matter within the terms of the Stipulated Protective Order issued by the United States District Court for the Central District of California, Western Division, in the above-entitled action.

2.  I have read the Stipulated Protective Order dated _____ entered into in this action and I agree not to disclose to others CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY information and to discuss this only with counsel for the party by whom I have been retained and I agree not to use such CONFIDENTIAL or CONFIDENTIAL OUTSIDE COUNSEL ONLY material for any purpose other than assisting legal counsel in the prosecution of this litigation.

3.  I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California, Western Division, for enforcement of the undertakings I have made here and I appoint the attorney by whom I have been employed in this case as my agent to receive any service or process in that connection.

Signed: _____

Name: _____